## GEORGE H. LAFLIN *et al.*

### *v.*

## THE CENTRAL PUBLISHING HOUSE *et al.*

1. ATTACHMENT—*when it will lie.* Should a mortgagor and mortgagee of chattels collude to make use of the mortgage for the purpose, by an unfair sale, of hindering, delaying and defrauding creditors of the former, by preventing any thing being saved at the sale after payment of the mortgage, it might be plausibly argued that the property would be liable to attachment under the amendatory attachment act of 1865.

2. But a fraud in the sale under the mortgage, merely, by the mortgagee upon the mortgagor, would not, of itself, bring the case within the statute, and enable creditors to attach.

3. Or, if the mortgagee should sell the property *en masse,* and for less than its value, whatever might be the right of the mortgagor to avoid the sale, that fact would not, of itself, authorize an attachment by creditors.

4. It would be difficult to imagine a case where a creditor would have a right to attach the mortgaged property, under the statute, in the absence of a corrupt intent to defraud creditors, by collusion between the mortgagor and mortgagee.

THIS CASE comes from the Superior Court of Chicago, the Hon. WM. A. PORTER, Judge, presiding, upon a certificate of questions of law, which is set forth in the opinion.

Messrs. BONNEY, FAY & GRIGGS, for the plaintiffs in error.

Mr. MILTON T. PETERS, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court :

This case comes before us without any statement of facts, but upon the following certificate of the court :

I, William A. Porter, one of the Justices of the said Superior Court of Chicago, within and for the county of Cook, in said State of Illinois, do hereby certify to the Supreme Court of said State, that the above entitled cause was tried before me, at the June Term of said Superior Court, A. D. 1868 ; and that, upon that trial, the plaintiffs contended that a certain chattel mortgage, which was admitted to have been made without fraud, from the Central Publishing House to John W. Smith, one of the defendants, had been fraudulently foreclosed by a sale out of court, under which sale Smith claimed to hold the property in question in this suit.

The plaintiffs alleged that said property might have been sold fairly for sufficient to pay the demand of said Smith and the demand of the plaintiffs, and that by the sale to Smith, the plaintiffs were deprived of all means of making their demand. And upon said trial the following questions of law arose, and were decided be me as below stated, that is to say :

*Question I.*—Whether the act entitled " An act to amend Chapter IX of the Revised Statutes, entitled Attachments in Circuit Courts," warrants an attachment on the ground of fraud in a sale under a chattel mortgage without fraud in the making of the mortgage ?

28—52ND ILL.

434     LAFLIN *et al.* *v.* CENT. PUB. HOUSE *et al.* [Sept. T.,

Opinion of the Court.

Which question I decided in the negative, against said plaintiffs, and in favor of said defendants, whereto the said plaintiffs then and there excepted.

*Question II.*—Whether a sale under a chattel mortgage, which, in matter of fact, hinders and delays creditors, warrants an attachment under said act, on the ground that such sale is fraudulent in law, without a corrupt intent in the making of the sale ?

Which question I decided in the negative, against the plaintiffs, and in favor of said defendants, whereto the said plaintiffs then and there excepted.

And thereupon I instructed the jury in said case that the plaintiffs had failed to sustain their said action, whereupon the jury returned a verdict for the defendants, whereto the plaintiffs then and there excepted.

And thereupon the said plaintiffs entered their motion to set aside said verdict, and for a new trial of said cause; which motion, afterwards, to-wit: at the October Term, A. D. 1868, of said Court, was argued by counsel and overruled by the Court, and thereupon final judgment was rendered on said verdict, in favor of said defendants, and against said plaintiffs, whereto the said plaintiffs then and there excepted.

And I do further certify that thereupon the parties litigant aforesaid, respectively, did then and there, in open Court, assent that the questions of law aforesaid, together with my decision thereupon, should be certified by me to the Supreme Court, pursuant to the statute in such case made and provided, which, on the motion of the said plaintiffs, is accordingly done.

WM. A. PORTER.   [SEAL.]

In the absence of all statement of facts, we are unable to give a satisfactory answer to the first of the foregoing questions. It is too vague and general. What was the character of the supposed fraud? Was it a fraud by the mortgagee upon the mortgagor? Or was it a combination between the mortgagor and the mortgagee to have the property sold for

less than its value, with a view of defrauding creditors by preventing anything being saved at the sale, after payment of the mortgage? In other words, had the mortgagor and mortgagee colluded to make use of the mortgage for the purpose, by an unfair sale, of hindering, delaying and defrauding creditors? In such a case, it might be argued, with considerable plausibility, that the property would be liable to attachment under the amended attachment law of 1865. If, on the other hand, the supposed fraud is merely a fraud by the mortgagee upon the mortgagor, we see no ground on which it could be held that this alone would bring the case within the statute, and enable creditors to attach. If, for example, the objection to the sale is, what we imagine from the argument it really was in the present case, that the property was sold *en masse*, and for less than its value, whatever might be the right of the mortgagor to avoid the sale, we could not recognize this fact as sufficient of itself to authorize an attachment by creditors.

As to the second question, we suppose it to refer to such a case as that just supposed, where the law authorizes the mortgagor to have the sale, but not the mortgage, set aside. This would give a creditor no right of attachment, nor can we imagine any case where he would have that right, under the statute, in the absence of a corrupt intent to defraud creditors, by collusion between the mortgagor and mortgagee.

As this record is made up, we can not say there is any error in it which would justify a reversal of the judgment.

*Judgment affirmed.*